UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY DAY,<br><br>                        Plaintiff,<br><br>    vs.<br><br>TIKTOK INC.,<br><br>                        Defendant. | Case No.: 3:21-cv-50129<br>Honorable Philip G. Reinhard |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant TikTok Inc. moves to dismiss Plaintiff Ashley Day's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and in support of its motion states as follows:

## I.    INTRODUCTION

TikTok is a communications platform provided by TikTok Inc. that permits users to create and share short-form videos composed of expressive content. Users create the content that they post to TikTok, much as they do on other digital platforms such as YouTube and Instagram. TikTok hosts billions of user-created videos worldwide. Plaintiff asks the Court to hold TikTok responsible for the content of four short-form videos that allegedly depict abuse of Plaintiff's children in a foster home—content that Plaintiff does not allege was previously known to TikTok and that Plaintiff admits was removed *the same day* it was reported to police. Plaintiff has failed to state a cognizable claim and the Court should dismiss the Amended Complaint.

1

The Amended Complaint appears to allege a negligence claim.[1] But just as booksellers have no duty to screen the books they sell to remove those with objectionable or unlawful content, online platforms have no duty to screen, remove, or warn their users about such content when it is authored and posted by other users. Courts uniformly and unequivocally reject under Rule 12(b)(6) claims that seek to impose such a legal duty. *Infra* § I.A.1. Moreover, even if such a duty existed, Plaintiff has not alleged and cannot allege that TikTok breached that duty, as there is no allegation TikTok Inc. knew about the allegedly offensive content before it was removed. Finally, the Amended Complaint fails to allege any injury caused by TikTok Inc. (rather than by the person who posted the videos), which provides yet another basis for dismissal.

Even if Plaintiff could allege a claim for negligence or some other cause of action, the Amended Complaint still fails for another independently sufficient reason. Where, as here, a claim seeks to hold an online platform liable in tort for its users' content, that claim is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

For these reasons, TikTok Inc. asks the Court to dismiss the Amended Complaint with prejudice.

## II. BACKGROUND

### A. TikTok

TikTok is a global video-sharing application that allows users to create, share, and view short-form videos, typically on their mobile devices. TikTok's mission is to inspire creativity and bring joy. The videos users share on TikTok can be about any subject, including comedy, music, history, and social issues. TikTok works hard to help maintain a supportive environment where users can creatively express themselves, safely discover the world around them, and connect with others across the globe. *See* Declaration of Ambika K. Doran ("Doran Decl.") Ex.

---

[1] Ms. Day also accuses TikTok Inc. of "failure to act, publicly depicting child abuse, and publicly depicting the sexual exploitation of a 2-year-old." Dkt. 5 ("Am. Compl.") ¶ 6. These are not independent torts and instead appear to relate to Ms. Day's fundamental complaint that TikTok failed to remove the videos before they were taken down.

2

B ("Community Guidelines").² Individuals under eighteen may use the app only with consent from their parent or legal guardian. Terms of Service § 1. TikTok requires users to comply with its Community Guidelines, which prohibit posting harmful content, including videos that show abuse or exploitation of minors. Terms of Service § 2; Community Guidelines. TikTok's Terms of Service also prohibit "any material which is defamatory of any person, obscene, offensive, pornographic, hateful or inflammatory." Terms of Service § 5. TikTok encourages and provides methods for users to report content they believe violates the Community Guidelines or Terms of Service. *Id.* § 7; Community Guidelines.

Like other platforms that host user-generated content, TikTok expressly disclaims liability for user content posted on its platform. TikTok's Terms of Service inform users that "[t]he information and materials in the User Content . . . have not been verified or approved by us," and TikTok accepts "no liability in respect of any content submitted by users and published by us or by authorised third parties." Terms of Service § 7.

### B.    Plaintiff's Lawsuit

On March 23, 2021, Plaintiff filed the operative complaint, the Amended Complaint, which alleges that four short-form videos of Plaintiff's two-year-old daughter "L.D." and other individuals appeared on nine-year-old "D.T.'s" TikTok profile. Am. Compl. ¶ 6(a)-(d). Two videos allegedly contained music with sexually explicit lyrics, and the other two allegedly depicted an unknown person hitting L.D. *Id.* The Amended Complaint alleges that Plaintiff discovered the videos on March 13, 2021, the same day they were taken down. *Id.* ¶ 6(e)-(f).

Plaintiff does not (and cannot) allege that TikTok Inc. knew about the allegedly offensive content in the videos, much less that TikTok Inc. created or developed that content. Plaintiff also does not allege that TikTok Inc.'s conduct—rather than the conduct of the person who posted the

---

² TikTok's Terms of Service incorporate these "Community Guidelines." *See* Doran Decl. Ex. A ("Terms of Service") § 2. The Court may consider TikTok's Terms of Service and Community Guidelines in ruling on this Motion because the Amended Complaint references them. *See* Am. Compl. ¶ 6(k) ("TikTok failed to act on their own policies and procedures"); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.") (citation & internal quotation marks omitted).

videos—harmed Plaintiff. Nonetheless, the Amended Complaint seeks $1 million in compensatory damages and "[p]unitive damages to be determined by jury." *Id.* ¶ 7. The precise cause of action alleged is not clear, but the crux appears to be that TikTok was negligent for allowing unrestricted access to the videos. *See id.* ¶ 6.

### III. LEGAL STANDARD

To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must "provide the factual 'grounds' of his entitlement to relief," *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009), and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). The Court should dismiss a complaint when it fails to include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Ill., Inc.*, 412 F. Supp. 3d 941, 946 (N.D. Ill. 2019) (quoting *Twombly*, 550 U.S. at 562). Applying this standard here, the Court should dismiss the Amended Complaint.

### IV. ARGUMENT

#### A. The Amended Complaint Fails to Plead Any Element of Negligence.

To the extent the Amended Complaint asserts a negligence claim, it falls far short of stating a cognizable claim. A claim for negligence under Illinois law[3] requires a plaintiff to

---

[3] For purposes of this Motion only, TikTok analyzes Ms. Day's negligence claim under Illinois law, although the law that applies is the law of the state with the "most significant contacts." *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (federal court sitting in diversity applies forum state's choice-of-law principles; Illinois applies the "most significant contacts" test). In all events, the result would be the same under the only other law that could apply—California, where TikTok has its principal place of business. *Compare Vancura v. Katris*, 238 Ill. 2d 352, 373, 939 N.E.2d 328, 342 (2010) (under Illinois law, negligence claim requires "the existence of a duty, a breach of the duty, and an injury to the plaintiff that was proximately caused by the breach"), *with Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 327 P.3d 850, 853 (Cal. 2014) (under California law, "[a]ctionable negligence involves a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury") (citation & internal quotation marks omitted).

allege "a duty owed by the defendant, a breach of that duty, and that the breach was the proximate cause of the plaintiff's injuries." *Monson v. City of Danville*, 2018 IL 122486 ¶ 23, 115 N.E.3d 81, 89 (2018). Here, Plaintiff has failed to plead facts establishing any of these elements.

### 1. The Amended Complaint Has Not Identified Any Duty That TikTok Inc. Owes Plaintiff.

To decide whether a defendant owes a duty to the plaintiff, Illinois courts first weigh four factors: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Simpkins v. CSX Transp., Inc.*, 2012 IL 110662 ¶ 21, 965 N.E.2d 1092, 1098 (2012). "If the answer to this threshold question is 'no,' however," courts "address whether there were any recognized 'special relationships' that establish a duty ...." *Id.* Plaintiff has not plausibly alleged that TikTok Inc. owes Plaintiff a duty under either theory.

First, Plaintiff has not made allegations sufficient to satisfy the four-factor test. Because the Amended Complaint does not allege any injury, as a matter of law, Plaintiff cannot satisfy the first three factors. *See infra* § IV.A.3. Further, courts have recognized that the fourth factor, here, the burden of requiring providers to screen content, also counsels against finding a duty. *See, e.g.*, *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1101 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 2761 (2020); *Zeran v. AOL, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997). Screening content "would be expensive," cause "long delay" in publication, and "may well be futile," as "[a]utomated filters and human reviewers may be equally poor at sifting good from bad postings," and errors are "inevitable." *Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 668-69 (7th Cir. 2008).

Accordingly, courts consistently dismiss similar claims based solely on the pleadings, finding that no "duty of care [is] created when a website facilitates communication, in a content-neutral fashion, of its users' content." *Dyroff*, 934 F.3d at 1101; *see also, e.g.*, *M.L. v. Craigslist Inc.*, 2020 WL 6434845, at *13 (W.D. Wash. Apr. 17, 2020) (Craigslist did not have duty to

5

ensure its website did not endanger minors), *report & recomendation adopted by* 2020 WL 5494903 (W.D. Wa. Sept. 11, 2021); *Vesely v. Armslist, LLC*, 2013 WL 12323443, at *2-3 (N.D. Ill. July 29, 2013), *aff'd*, 762 F.3d 661 (7th Cir. 2014); *Gavra v. Google, Inc.*, 2013 WL 3788241, at *1, *3 (N.D. Cal. July 17, 2013) (YouTube had no duty to remove videos that allegedly defamed plaintiff and contained private information); *Young v. Facebook, Inc.*, 2010 WL 4269304, at *5 (N.D. Cal. Oct. 25, 2010) (Facebook had no duty to condemn content that inspires or threatens violence); *Doe v. SexSearch.com*, 502 F. Supp. 2d 719, 736-37 (N.D. Ohio 2007) (adult dating site had no duty to warn that user might post false content), *aff'd*, 551 F.3d 412 (6th Cir. 2008). *Cf. Doe v. GTE Corp.*, 347 F.3d 655, 661 (7th Cir. 2003) (internet service provider owes no duty to prevent injury to third parties from use of provider's network, as "the common law rarely requires people to protect strangers").

Second, the Amended Complaint does not allege any duty based on a "special relationship." The Illinois Supreme Court has recognized four "special relationships" that give rise to a duty of care: "common carrier and passenger, innkeeper and guest, custodian and ward, and possessor of land who holds it open to the public and member of the public who enters in response to the possessor's invitation." *Simpkins*, 2012 IL 110662 ¶ 20, 965 N.E.2d at 1098 (citation & internal quotation marks omitted). It has "also recognized a duty to a third party to control the individual who is the source of the harm when a defendant has a special relationship with that person, such as a parent-child relationship and a master-servant or employer-employee relationship." *Id.* (citations omitted). The Amended Complaint does not allege that Plaintiff has any of these relationships with TikTok Inc., nor could it.

Finally, to the extent Plaintiff claims that any of TikTok's policies created a duty, the opposite is true: TikTok's Terms of Service state that TikTok has no obligation to remove videos or prevent users from posting videos. Terms of Service § 7. In fact, the Terms state that TikTok "accept[s] no liability in respect of any content submitted by users." *Id.*; *see Klayman v. Zuckerberg*, 753 F.3d 1354, 1359-60 (D.C. Cir. 2014) (no liability where "plain text" of Facebook's terms "disavow[ed]" "legal relationship that [plaintiff]" asserts); *Caraccioli v.*

6

*Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) (Facebook's Terms of Service did not create duty not to publish third-party content), *aff'd*, 700 F. App'x 588 (9th Cir. 2017); *Young*, 2010 WL 4269304, at *3 (Facebook's policy prohibiting users from posting "hateful, threatening, or pornographic" content did not create obligation to prevent such content).

### 2. The Amended Complaint Fails to Allege TikTok Inc. Breached Any Alleged Duty.

Because TikTok Inc. owed Plaintiff no duty, it did not act negligently. But even if a duty of care existed, Plaintiff would have to allege that the company was aware of the allegedly unlawful content for its actions to constitute a breach. The Amended Complaint fails to do so. *See* Am. Compl. ¶ 6. The Amended Complaint does not allege, for example, that Plaintiff (or anyone) ever reported the content to TikTok—despite the methods TikTok provides, in the app and on its website, for users to report potentially harmful content. *See* Terms of Service § 7; Community Guidelines. Nor does the Amended Complaint allege TikTok should have known about the content of the videos absent notice. *Cf. Raube v. Am. Airlines, Inc.*, 539 F. Supp. 2d 1028, 1035 (N.D. Ill. 2008) (no breach where defendant had no notice of allegedly unsafe condition); *Dawkins v. Otis Elevator Co.*, 2018 WL 5279171, at *4 (N.D. Ill. Oct. 24, 2018) (without prior knowledge of problem, defendant could not have breached duty to take reasonable steps to correct it).

### 3. The Amended Complaint Fails to Allege Any Injury Proximately Caused by TikTok Inc.

Finally, the Amended Complaint has failed to specifically allege any injury. To the extent that Plaintiff felt harmed by the content of the videos, Plaintiff has no basis to allege that TikTok Inc. proximately caused that harm. The Seventh Circuit has made clear that a website does not "cause" injury merely by permitting users to post content that allegedly gives rise to the injury. In *Chicago Lawyers'*, for example, the Seventh Circuit held that Craigslist—a website that hosts classified advertisements—could not be liable under the Fair Housing Act for "caus[ing]" discriminatory ads posted by Craigslist users. 519 F.3d at 671-72. Then-Chief

Judge Easterbrook observed that, although Craigslist causes allegedly harmful content in the sense that no one could post content if Craigslist did not offer a forum, "[n]othing in the service craigslist offers induces anyone to post any particular listing or express a preference for discrimination." *Id.* at 671. Indeed, if websites like Craigslist cause harmful content, "so do phone companies and courier services (and, for that matter, the firms that make the computers and software that owners use to post [content] online), yet no one could think that Microsoft and Dell are liable for 'causing' discriminatory advertisements." *See id.* at 672; *see also Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (website that facilitated gun sales between private owners did not encourage users to circumvent gun laws and could not be liable for illegal purchase of gun used to kill plaintiff's sister).

Furthermore, to the extent Plaintiff seeks to recover for an injury allegedly suffered as a result of viewing the videos, Plaintiff's efforts are misdirected. The Amended Complaint does not allege that TikTok Inc. caused the videos to be created or posted. In fact, TikTok's Terms of Service and Community Guidelines strictly prohibit videos showing child abuse or sexual exploitation, and require users under age eighteen to have parental consent in order to use the platform. *See Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 969 (N.D. Ill. 2009) (Craigslist did not cause allegedly illegal content, particularly given website "repeatedly warns users not to post such content").

Because the Amended Complaint does not allege that TikTok Inc. owed Plaintiff a duty, breached that duty, or proximately caused an injury, the Amended Complaint fails to state a claim for negligence or any other tort claim.

### B. Section 230 of the Communications Decency Act Prohibits Imposing Liability on TikTok Inc. for Publishing the Videos.

Plaintiff has failed to adequately allege a negligence claim, and the Court should dismiss the Amended Complaint on that basis. But Plaintiff's negligence claim—and any other claims that Plaintiff believes she has identified in the Amended Complaint—independently fail under Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Section 230 prohibits any

provider of an interactive computer service from being "treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Courts have held that Section 230 provides broad protection to websites against claims based on content provided by users. The claim asserted in the Amended Complaint is explicitly based on content provided by a TikTok user, not by TikTok Inc. Accordingly, the Court should dismiss the Amended Complaint.

A defendant is entitled to Section 230's protections when "(1) the defendant is a provider of an interactive computer service; (2) the plaintiff's claims seek to treat the defendant as a 'publisher or speaker' of allegedly harmful or unlawful information; and (3) the information at issue was 'provided by another information content provider.'" *Nieman v. Versuslaw, Inc.*, 2012 WL 3201935, at *3 (C.D. Ill. June 13, 2012) (quoting 47 U.S.C. § 230(c)(1)), *report & recommendation adopted by* 2012 WL 3201931 (C.D. Ill. Aug. 3, 2012), *aff'd*, 512 F. App'x 635 (7th Cir. 2013); *see also Chi. Lawyers'*, 519 F.3d at 671 ("What § 230(c)(1) says is that an online information system must not 'be treated as the publisher or speaker of any information provided by' someone else."). All of these elements are satisfied here.

*First*, TikTok Inc. is a provider of an interactive computer service, TikTok. An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). This definition includes video-sharing websites and apps. *See Lewis v. Google LLC*, 461 F. Supp. 3d 938, 954 (N.D. Cal. 2020) (YouTube is an interactive computer service), *aff'd*, -- F. App'x --, 2021 WL 1423118 (9th Cir. 2021); *Domen v. Vimeo, Inc.*, 433 F. Supp. 3d 592, 602 (S.D.N.Y. 2020) (treating online video-sharing forum Vimeo as interactive computer service), *aff'd*, 991 F.3d 6 (2d Cir. 2021); *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 878 (N.D. Ind. 2010) (collecting cases "holding that websites are under the umbrella of protection of § 230(c)(1)").

*Second*, imposing liability here would treat TikTok Inc. as a "publisher or speaker" of information. The Amended Complaint alleges TikTok unlawfully published four videos of

Plaintiff's daughter—by not removing them, placing a warning on them, or otherwise preventing access to them, and by not following TikTok's policies and procedures. *See* Am. Compl. ¶ 6(g)-(k). "A claim against an online service provider for negligently publishing harmful information created by its users treats the defendant as the 'publisher' of that information." *Dart*, 665 F. Supp. 2d at 967-68 (citing *Chi. Lawyers'*, 519 F.3d at 671); *see also Klayman*, 753 F.3d at 1355, 1358-60 ("invoking the label 'special relationship' cannot transform" a claim "into a non-preempted tort action"; claims that Facebook delayed removing page that called for killing of Jewish people impermissibly treated Facebook as publisher); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098-99, 1102-03 (9th Cir. 2009) (claims against Yahoo! for neglecting to remove nude photographs of plaintiff maliciously posted by ex-boyfriend treated Yahoo! as publisher); *Zeran*, 129 F.3d at 328, 332-33 (claims that AOL "unreasonably delayed in removing defamatory messages posted by an unidentified third party, refused to post retractions of those messages, and failed to screen for similar postings thereafter" sought to hold AOL liable as publisher); *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588 (S.D.N.Y. 2018) (claim that dating app failed to warn users that app could be used as tool for harassment treated app as publisher), *aff'd*, 765 F. App'x 586 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 221 (2019). Thus, Plaintiff's claim seeks to treat TikTok Inc. as a "publisher or speaker" of the allegedly harmful videos.

*Third*, the Amended Complaint does not allege TikTok Inc. was the "information content provider" of the videos. To the contrary, it alleges a TikTok user, nine-year-old D.T., created and uploaded the videos to TikTok. Am. Compl. ¶ 6(a)-(d). Where a provider does not participate in the creation or development of the challenged content, Section 230 "shields from liability all publication decisions"—including whether to remove, post, restrict access, or add a warning. *See Barnes*, 570 F.3d at 1105; *see also Chi. Lawyers'*, 519 F.3d at 671 (Section 230 barred claim against Craigslist for allegedly discriminatory ads because Craigslist did not author ads); *Caraccioli*, 167 F. Supp. 3d at 1064 (Section 230 prohibited claims against Facebook for not removing private images and videos of plaintiff created and posted by third party); *Collins*, 703 F. Supp. 2d at 879 (online newspaper "cannot be held liable for the publication of remarks or

10

postings by third parties"); *see also Huon v. Denton*, 841 F.3d 733, 741 (7th Cir. 2016) ("[A] company like Gawker cannot be considered the publisher of information simply because the company hosts an online forum for third-party users to submit comments.").

As all three elements are satisfied, TikTok Inc. is entitled to Section 230's protections, and the Court should dismiss the Amended Complaint in its entirety.

### C. Amending the Amended Complaint Would Be Futile.

Finally, dismissal should be with prejudice. The Court need not grant leave to amend unless "it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quoting *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)).

Whether because Plaintiff does not and cannot allege the essential elements for a claim of negligence (or any other tort claim), or because Section 230 would bar any claim based on TikTok Inc.'s publication of the videos, granting Plaintiff leave to amend would be futile. Courts often deny leave to amend in similar circumstances, including to pro se plaintiffs. *See, e.g.*, *Hadley v. GateHouse Media Freeport Holdings, Inc.*, 2012 WL 2866463, at *2-3 (N.D. Ill. July 10, 2012) (dismissing with prejudice under Section 230 a complaint against an online newspaper); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1251-52 (S.D. Fla. 2020) (denying leave to amend to add claim "inextricably linked" to content posted by website's users because "[t]his is precisely the type of claim for which Congress has determined that interactive computer website providers should be immune"); *Caraccioli*, 167 F. Supp. 3d at 1067 (amendment would be futile where Section 230 barred pro se plaintiff's claims based on alleged failure to remove content). The Court should reach the same result here.

## V. CONCLUSION

For these reasons, TikTok Inc. respectfully requests that the Court dismiss the Amended Complaint with prejudice.

DATED: May 24, 2021

                                                Respectfully submitted,

                                                TIKTOK INC.

                                                By:   /s/ John F. Grady
                                                            One of Its Attorneys

                                                John F. Grady
                                                GRADY BELL LLP
                                                53 West Jackson Blvd., Suite 1250
                                                Chicago, Illinois 60604
                                                Telephone: (312) 939-0964
                                                Email: jgrady@gradybell.com

                                                Ambika K. Doran (admitted *pro hac vice*)
                                                Sara A. Fairchild (admitted *pro hac vice*)
                                                DAVIS WRIGHT TREMAINE LLP
                                                920 Fifth Avenue, Suite 3300
                                                Seattle, Washington 98104-1610
                                                Telephone: (206) 622-3150
                                                Email: ambikakumar@dwt.com
                                                               sarafairchild@dwt.com

## **CERTIFICATE OF SERVICE**

John Grady, an attorney, certifies that on May 24, 2021, he filed a copy of the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties of record.

By: /s/ John F. Grady_____